UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| THERESA BASIL, RAMONA MATHEWS, WENDY JAMES, AND JOSEPH JAMES, JR. | CIV. ACTION NO. 19-00004 |
| VERSUS | CHIEF JUDGE SHELLY D. DICK |
| THE DOW CHEMICAL COMPANY, ET AL | MAG. JUDGE ERIN WILDER-DOOMES |

### RULING

This matter is before the Court on the *Motion for Summary Judgment*[1] filed by Defendant, The Dow Chemical Company ("Defendant" or "Dow"). Plaintiffs, Theresa Basil, Ramona Mathews, Wendy James, and Joseph James, Jr. ("Plaintiffs"), filed an *Opposition*[2] to the motion. Defendant *replied*.[3] For the reasons that follow, Defendant's motion for summary judgment is **DENIED**.

### I.     FACTUAL BACKGROUND

Joseph James ("James") was in the course and scope of his employment with Blanchard's Building Materials, completing a delivery of materials to Dow's facility in Plaquemine, Louisiana, on January 6, 2017.[4] He claims that he struck a pothole covered in water on a roadway owned and operated by Dow and that Dow is liable to him for the unreasonably dangerous condition on its property under Louisiana Civil Code article 2317.1.[5]

---

[1] Rec. Doc. No. 21.
[2] Rec. Doc. No. 23.
[3] Rec. Doc. No. 24.
[4] Rec. Doc. No. 1-6, p. 2.
[5] *Id*.
59971

James initially filed suit in the 18th Judicial District Court for the Parish of Iberville, State of Louisiana, on January 3, 2018.[6] Mr. James passed away on March 5, 2018, due to a medical condition wholly unrelated to the incident giving rise to the instant lawsuit. His four children, Plaintiffs, were substituted as the proper party plaintiffs on November 30, 2018.[7] Dow removed this matter to federal court based on diversity of citizenship subject matter jurisdiction on January 3, 2019.[8]

Dow moves for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. Dow contends that Plaintiffs' claims of negligence and premises liability should be dismissed because Plaintiffs "cannot satisfy their burden of proving that an accident occurred or that Dow is legally responsible for any injuries that Mr. James may have suffered as a result of the alleged accident."[9] Dow argues that James was the only eye-witness to the incident, he was not deposed before he passed away and all other "evidence" is inadmissible hearsay, thus Plaintiffs cannot meet their burden and Dow is entitled to summary judgment as a matter of law.[10]

## II.    LAW AND ANALYSIS

### A.    Summary Judgment Standard

Summary judgment should be granted if the record, taken as a whole, "together with the affidavits, if any, show that there is no genuine issue as to any material fact and

---

[6] Rec. Doc. No. 1-6.
[7] Rec. Doc. No. 1-33.
[8] Rec. Doc. No. 1.
[9] Rec. Doc. No. 21, p. 1.
[10] *Id.*
59971

that the moving party is entitled to a judgment as a matter of law."[11]  The Supreme Court has interpreted the plain language of Rule 56(c) to mandate "the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."[12]  A party moving for summary judgment "must 'demonstrate the absence of a genuine issue of material fact,' but need not negate the elements of the nonmovant's case."[13]  If the moving party "fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's response."[14]

If the moving party meets this burden, Rule 56(c) requires the nonmovant to go beyond the pleadings and show by affidavits, depositions, answers to interrogatories, admissions on file, or other admissible evidence that specific facts exist over which there is a genuine issue for trial.[15]  The nonmovant's burden may not be satisfied by conclusory allegations, unsubstantiated assertions, metaphysical doubt as to the facts, or a scintilla of evidence.[16]  Factual controversies are to be resolved in favor of the nonmovant, "but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts."[17]  The Court will not, "in the absence of any proof,

---

[11] Fed.R.Civ.P. 56(c); *New York Life Ins. Co. v. Travelers Ins. Co.*, 92 F.3d 336, 338 (5th Cir. 1996); *Rogers v. Int'l Marine Terminals, Inc.*, 87 F.3d 755, 758 (5th Cir. 1996).
[12] *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).  *See also Gunaca v. Texas*, 65 F.3d 467, 469 (5th Cir. 1995).
[13] *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994) (*en banc*) (quoting *Celotex,* 477 U.S. at 323-25, 106 S.Ct. at 2552).
[14] *Id.* at 1075.
[15] *Wallace v. Texas Tech Univ.*, 80 F.3d 1042, 1046-47 (5th Cir. 1996).
[16] *Little*, 37 F.3d at 1075; *Wallace*, 80 F.3d at 1047.
[17] *Wallace,* 80 F.3d at 1048 (quoting *Little,* 37 F.3d at 1075).  *See also S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 494 (5th Cir. 1996).
59971

assume that the nonmoving party could or would prove the necessary facts."[18] Unless there is sufficient evidence for a jury to return a verdict in the nonmovant's favor, there is no genuine issue for trial.[19]

## B.    Premises Liability

Plaintiffs claim that Defendant is liable under Louisiana Civil Code Article 2317.1, which provides as follows:

> The owner or custodian of a thing is answerable for damage occasioned by its ruin, vice, or defect, only upon a showing that he knew or, in the exercise of reasonable care, should have known of the ruin, vice, or defect which caused the damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care. Nothing in this Article shall preclude the court from the application of the doctrine of *res ipsa loquitur* in an appropriate case.[20]

To prevail on their premises liability claim, Plaintiffs must demonstrate that: (1) the pothole was "in the defendant's custody"; (2) the pothole constituted a vice or defect which presented an unreasonable risk of harm; (3) the pothole caused the damage; and (4) the defendant knew or should have known of the pothole."[21]

Dow argues that Plaintiffs lack admissible summary judgment evidence of elements 2 and 3. Specifically, Dow argues that James was the only eyewitness to the subject accident and since he passed away before he was deposed, there is no evidence

---

[18] *McCallum Highlands v. Washington Capital Dus, Inc.*, 66 F.3d 89, 92 (5th Cir. 1995), *as revised on denial of rehearing,* 70 F.3d 26 (5th Cir. 1995).
[19] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-51, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986).
[20] Article 2317.1 modifies Article 2317 by removing strict liability and imposing liability on an owner or custodian of an object only if the object causes damage "occasioned by its ruin, vice, or defect, only upon showing that [the owner] knew of the ruin, vice, or defect ..., that the damage could have been prevented by the exercise of reasonable care, and [the owner] had failed to exercise such reasonable care." *Venezia v. ConocoPhillips Co.*, 2014 WL 107962 at *10 (E.D. La. Jan. 9, 2014)(citing La. Civ. Code art. 2317.1 (1996); *Reaux*, 840 So.2d at 24).
[21] *Cormier v. Dolgencorp, Inc.*, 136 Fed. Appx. 627, 627–28 (5th Cir. 2005) (citing La. C.C. arts. 2317 and 2317.1).

to prove that there was a water-covered pothole that caused James' injuries. Dow argues that the evidence which Plaintiffs rely on to prove these essential elements is inadmissible hearsay.

Plaintiffs rely on the two pieces of evidence in dispute to prove the existence of an injury-causing defect: a "near miss report" prepared by a Dow employee and a recorded statement that James gave to a Worker's Compensation claims adjuster. Plaintiffs submit that this evidence is admissible and demonstrates a genuine issue of material fact thus defeating summary judgment. Plaintiffs also argue that Defendant did not investigate James' accident which may have been in violation of Defendant's internal policies and procedures. If it was, Plaintiffs argue that this is further evidence of Defendant's negligence.

Defendant's grounds for seeking summary judgment is largely based on whether the available evidence is admissible or not. Therefore, the Court will first determine whether the evidence offered by Plaintiffs and to which Defendant objects is admissible. Then, considering all proper summary judgment evidence, the Court will determine whether Defendant is entitled to summary judgment.

1. <u>Evidentiary Challenges</u>

    a. *The Recorded Statement*

Dallas Gascon took a recorded statement of Joseph James by telephone on March 7, 2017. The statement was taken for LUBA Insurance Company, the workers' compensation insurance carrier. James' attorney, Pete Lewis, was also present by phone.

The statement was not taken under oath. It was transcribed on August 30, 2019.[22] Defendant argues that this statement is unreliable because it is unsworn and is hearsay.[23]

The recorded statement is hearsay: it is an out of court statement offered for the truth of the matter asserted. Plaintiffs argue that the recorded statement is admissible under Fed. Rule of Evid. Rule 807, the "residual exception" to the hearsay rule, because the statement is "supported by sufficient guarantees of trustworthiness".[24] Under the residual exception to the hearsay rule, hearsay may be admissible if: "(1) the statement has equivalent circumstantial guarantees of trustworthiness; (2) it is offered as evidence of a material fact; (3) it is more probative on the point for which it offered than any other evidence which the proponent can procure through reasonable efforts; and (4) admitting it will best serve the purposes of these rules and the interests of justice."[25]

"Congress believed that the residual exception was necessary to avoid the distortion of the specific exceptions beyond the reasonable circumstances they were intended to include. This exception was designed to protect the integrity of the specifically enumerated exceptions by providing the courts with the flexibility necessary to address unanticipated situations and to facilitate the basic purpose of the Rules: ascertainment of the truth and fair adjudication of controversies."[26] The exception is to be "used only rarely in truly exceptional cases."[27] "[T]he proponent of the statement bears a heavy burden to

---

[22] Rec. Doc. No. 23-3.
[23] Rec. Doc. No. 21-2, pp. 8-9.
[24] Rec. Doc. No. 23, p. 13.
[25] Fed.R.Evid. 807; *Lovell v. Childs*, No. CIV.A. 07-568, 2012 WL 1016054, at *2 (M.D. La. Mar. 22, 2012).
[26] *Dartez v. Fibreboard Corp.,* 765 F.2d 456, 462 (5th Cir.1985), citing Sen. Comm. on the Judiciary, S.Rep. No. 1277, 93d Cong., 2d Sess. (1974), reprinted in 1974 U.S.Code Cong. & Ad.News 7051, 7065–66; 11 J. Moore, Moore's Federal Practice, § 803(24)[7] (2d ed.1982).
[27] *United States v. Thevis,* 665 F.3d 616, 629 (5th Cir.1982).
59971

come forward with indicia of both trustworthiness and probative force."[28] "[I]n order to find a statement trustworthy, a court must find that the declarant of the ... statement 'was particularly likely to be telling the truth when the statement was made.'"[29]

Defendant relies on *Rock v. Huffco Gas & Oil Co., Inc.*,[30] in support of its argument that James' recorded statement is inadmissible. In *Rock,* the Court was faced with the admissibility of statements made by a deceased to his family. It is unclear whether the statements in *Rock* were written, recorded or verbal. The district court found that the hearsay statements made to family members lacked "circumstantial guarantees of trustworthiness" and were therefore inadmissible.[31]  Applying a "highly deferential" standard of review of the district court's evidentiary ruling, the Fifth Circuit found no clear error.[32]

> The plaintiffs are seeking to admit hearsay testimony by family members of a deceased man concerning statements made prior to his death in order to establish the cause of his injury. Such statements are inherently unreliable. The arguments advanced by plaintiffs for admissibility of these statements fail to leave us with 'a definite and firm conviction that the [district] court made a clear error of judgment in weighing the relevant factors.'[33]

Plaintiffs distinguish *Rock* because it involved statements to the decedent plaintiff's family members who became party plaintiffs after the plaintiff-decedent died. Plaintiffs

---

[28] *United States v. Washington,* 106 F.3d 983, 1001–02 (D.C.Cir.1997).
[29] *Id.* (citing *United States v. Tome,* 61 F.3d 1446, 1453 (10th Cir.1995); *United States v. Phillips,* 219 F.2d 404, 419 n.23 (5th Cir.2000).
[30] 922 F.2d 272 (5th Cir. 1991).
[31] *Id.*, at 281-282 ("The district court held that the circumstances of the alleged accidents, as reported by Rock to his family, lacked the 'circumstantial guarantees of trustworthiness' contemplated by" the residual exceptions to the hearsay rule.).
[32] *Id.*, (citing *Page v. Barko Hydraulics,* 673 F.2d 134, 140 (5th Cir.1982); *see also Nowell v. Universal Elec. Co.,* 792 F.2d 1310, 1315 (5th Cir. 1986), *cert. denied,* 479 U.S. 987, 107 S.Ct. 578, 93 L.Ed.2d 581 (1986) (noting that "the residual exception must be used sparingly," and recognizing "that a district court has considerable discretion in applying [it]").
[33] *Nowell,* 792 F.2d at 1315 (citing *Page,* 673 F.2d at 140).
59971

argue that unlike the claims adjuster in this case, the family members in *Rock* had a motive to recount the decedent's out of court statements in favor of their recovery in the suit.[34]  Plaintiffs direct the Court to *Nowell by and through Nowell v. Universal Elec. Co.*,[35] cited by the Fifth Circuit in *Rock*, in which the wife of the deceased plaintiff sought to have the statement of her husband regarding the identification of a drum that exploded admitted over the defendant's hearsay objection.  The district court in *Nowell* admitted the hearsay statement under the residual exception.  The Fifth Circuit affirmed, stating, "The determination of whether a statement is admissible under the residual or catch-all exception to the hearsay rule is one which we recognize is not an easy determination to make. There are no crisp answers."[36]  While the Fifth Circuit expressed that it may not have made the same ruling as the district court, it was not reversible error for the statement to be admitted.

Although *Rock and Nowell* illustrate the Fifth Circuit's strict deference to the district court's discretion in evaluating the trustworthiness and probative value of hearsay evidence, neither case is instructive on the ultimate issue of admissibility of James' statement to the adjuster. The Court is tasked with weighing the trustworthiness and probative value of the statement under the circumstances of this case.  "The focus for trustworthiness is on circumstantial guarantees surrounding the making of the statement itself, as well as any independent evidence corroborating the statement."[37]

---

[34] *Rock v. Huffco Gas & Oil Co., Inc* presented a negligence suit for injuries. The plaintiff died after filing suit and his family members, to whom the subject hearsay statements were made, were substituted as party plaintiffs.
[35] 792 F.2d 1310 (5th Cir. 1986).
[36] *Id.*, at 1315.
[37] FRE Rule 807, Advisory Committee Notes, 2019 Amendments.
59971

The Court finds that "the statement is supported by sufficient guarantees of trustworthiness".[38] First, James gave his recorded statement to a third party, an adjuster for the workers' compensation insurer. The Court agrees with the Plaintiffs' observation that this is different than the statements in *Rock* made to family members who subsequently became party plaintiffs. However, the Court notes that Rock also provided a handwritten statement to an insurance adjuster that the Court ruled was inadmissible hearsay. The Court in *Rock* declined to apply the residual exception finding that the plaintiff had a reasonable expectation that his statement would be used in litigation; therefore, it could not be relied upon for its truth and accuracy as it was likely skewed to be most advantageous to the plaintiff's position. Therefore, the fact that the statement was provided to a third party was not determinative of its trustworthiness.

The Court finds that the circumstances under which the out of court statement was made are indicative of trustworthiness for the following reasons. First, the statement was given in connection with the declarant's claim for workers' compensation benefits, not his claim for compensatory damages. Second, unlike the statement in *Rock*, the recorded statement of James was in a question/answer format. The adjuster controlled the direction and scope of the statement with his line of questions. The statement is more akin to that of a deposition where the adjuster can follow-up on areas addressed by the attesting party and probe any area of interest, as opposed to a handwritten statement which is one-sided, self-contained and not subjected to probing. Additionally, as argued

---

[38] FRE Rule 807.
59971

by the Plaintiffs, James affirmed when asked that the information was true and correct to the best of his recollection.[39] The concluding verification underscored the importance of veracity and gave James the opportunity to correct or supplement the statement. Finally, the statement addresses details which are either corroborated by other evidence, such as the near miss report addressed below, or are not disputed by record evidence. These details include the identification and description of the pothole, *i.e.*, the alleged defect;[40] the location of the hole;[41] the force or significance of the accident;[42] whether James was wearing his seat belt;[43] the part of the vehicle that came in contact with the hole;[44] the size of the hole;[45] any signage or markings indicating that a hole existed;[46] James' actions immediately following the alleged accident;[47] whether and to whom the alleged accident was reported;[48] medical treatment received;[49] the weather on the day of the alleged accident;[50] and various details regarding James' medical history and prior accidents.[51] The Court finds that the detail in the statement is indicative of the "strength and quality of [the] evidence".[52]

The Court further finds that statement is "is more probative on the point for which it is offered than any other evidence that the proponent can obtain through reasonable

---

[39] Rec. Doc. No. 23-3, p. 14.
[40] Rec. Doc. No. 23-3, p. 2.
[41] *Id.*
[42] *Id.*
[43] *Id.*
[44] Rec. Doc. No. 23-3, p. 3.
[45] *Id.*
[46] *Id.*
[47] Rec. Doc. No. 23-3, p. 5.
[48] *Id.*
[49] Rec. Doc. No. 23-3, p. 6.
[50] Rec. Doc. No. 23-3, p. 7.
[51] Rec. Doc. No. 23-3, pp. 8-12.
[52] FRE Rule 807, Advisory Committee Notes, 2019 Amendments.
59971

efforts".[53] The Court finds that the recorded statement is admissible summary judgment evidence.

### b.   "Near Miss Report"

In response to discovery requests, Defendant produced an accident report referred to as a "near miss report".[54] The report was created by Dwayne LeBlanc, a representative of Dow's Emergency Services and Security department ("ESS").[55] LeBlanc gave his deposition testimony in this matter and confirmed by deposition that he created the report and witnessed the conditions of the road at issue on the day of the alleged accident.[56] He described the "Near Miss Incident" in the report as follows:

> Received a call from Shipping and Receiving stating that a Blanchard's delivery driver reported that when leaving their parking lot, he struck a large pothole, causing him to hit his head on the ceiling of the truck cab.  He is now experiencing neck pain.  Responded with the ambulance and transported driver to Health Services for evaluation.  Driver's employer was contacted to come get him for further evaluation at Prime Medical.  Placed traffic cones around the pothole to prevent anyone else from hitting it.  Driver mentioned that he was here on a delivery only a week or so ago and the hole was not nearly as large at that time.[57]

Further, the report reflects that LeBlanc suggested that the "[p]othole needs to be repaired ASAP.  It is getting worse with the recent rain."[58]

Plaintiffs argue that the accident report is admissible "as a regularly kept business record, pursuant to Federal Rule of Evidence 803(6)."[59] Defendant responds that the report is inadmissible because the "description" of the accident, quoted above, constitutes

---

[53] FRE Rule 807.
[54] Rec. Doc. No. 23, p. 4; Rec. Doc. No. 23-7; Rec. Doc. No. 23-8.
[55] *Id.*
[56] Rec. Doc. No. 23-5, p. 5.
[57] Rec. Doc. No. 23-8.
[58] *Id.*
[59] Rec. Doc. No. 23, p. 10.
59971

hearsay within hearsay "to which no exception applies".[60]  Defendant further argues that Rule 803(6), the business records exception, does not apply because it is not based upon LeBlanc's personal knowledge.  Specifically, LeBlanc testified that he was told that James hit a pothole, he did not have personal knowledge that James hit a pothole.[61]

Federal Rule of Evidence 803(6), the business records exception to the rule against hearsay, provides:

> A memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions, or diagnoses, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record, or data compilation, all as shown by the testimony of the custodian or other qualified witness, unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness.

Here, the "near miss" report is a report of the roadway conditions, "made at or near the time" of the event by a person who observed the conditions as part of the "course of a regularly conducted business activity".[62]  Dow does not dispute that LeBlanc was acting in the regular course of business when he created the report.  LeBlanc also testified that Dow has a "near miss program", which he followed in completing the report.[63] There is no suggestion or record evidence to indicate that "the source of information or the method or circumstances of preparation [of the report] indicate lack of trustworthiness."[64] The Court finds that the "near miss report' is a business record within the meaning and

---

[60] Rec. Doc. No. 24, p. 2.
[61] *Id.*
[62] Rec. Doc. No. 23-5, pp. 2-3.
[63] Rec. Doc. No. 23-5, p. 2.
[64] FRE Rule 803(6).
59971

application of FRE Rule 803(6) and is therefore admissible summary judgment evidence.[65]

### 2. Summary Judgment

Having considered the disputed items of evidence, the Court now turns to Defendant's motion for summary judgment. Defendant's primary argument is that without the recorded statement and "near miss report", Plaintiffs cannot meet their burden of proof on their claims pursuant to La. Civ. Code art. 2317.1. Since the recorded statement and "near miss report" are deemed admissible by the Court, the inquiry becomes whether Plaintiffs are able to make a showing sufficient to establish the existence of the elements essential to their case[66] and whether there exists a genuine issue of material fact.[67] If Defendant fails to meet this burden, the motion must be denied.[68]

Here, it is undisputed that James was the only eyewitness to the alleged accident and owing to James' death the Plaintiffs are without eyewitness testimony. Nonetheless, Plaintiffs have produced summary judgment evidence of specific facts over which there is a genuine issue for trial. Plaintiffs offer the recorded statement of James that purports to show that James was involved in an accident on Defendant's property due to a pothole that Plaintiffs claim was a vice or defect that caused an unreasonable harm to James. The recorded statement also purports to show where the pothole was located and to

---

[65] *See, Valentine v. Hodnett*, 2015 WL 12942069, *3 (S.D. Tex. Sept. 16, 2015) (accident report admissible under business records exception because it was created in the usual course of business*); see also, Poirier v. Diamond Offshore Drilling, Inc.*, 2005 WL 8173904, *1-2 (E.D. La. Mar. 8, 2005)(motion to exclude evidence denied on other grounds regarding near miss report and job safety analysis corresponding report); *see also, Dunn v. Hunting Energy Services*, 288 F.Supp.3d 749, 763 (S.D. Tex. Dec. 21, 2017)(where notes and investigation related to near miss report were admissible under business records exception).
[66] *Celotex Corp.*, 477 U.S. at 322.  *See also Gunaca*, 65 F.3d at 469.
[67] *Little,* 37 F.3d at 1075 (quoting *Celotex,* 477 U.S. at 323-25, 106 S.Ct. at 2552).
[68] *Id.* at 1075.
59971

whom the alleged accident was reported.  Plaintiffs offer the deposition testimony of James Watkins, Jose Bloise, and Dwayne LeBlanc, all employees of Defendant, to show that a pothole existed, that the accident was immediately reported, that the pothole was inspected by Defendant on the day of the accident, that cones were placed around the pothole in an effort to avoid additional accidents, and that the hole was repaired in April 2017.  Plaintiffs offer Defendant's discovery responses and the "near miss report" created by Defendant to show that an accident occurred related to a pothole on Defendant's premises.  Plaintiffs also offer the deposition testimony of Harvey Taylor and Timothy Roddy, both employees of Defendant, to evidence that Defendant had a policy to investigate all reported accidents resulting in injury and that James' accident was not investigated.  Plaintiffs argue that Defendant's internal policies to investigate James' accident and failure to do so is evidence of Defendant's negligence.

Based on the foregoing, the Court finds that there exists sufficient record evidence for a jury to return a verdict in Plaintiffs' favor; therefore, there remains a genuine issue for trial. Accordingly, the Defendant's motion for summary judgment is DENIED.

Based on the Court's findings above, it is not necessary for the Court to reach the determination of whether Defendant had policies and procedures in place mandating an investigation that Defendant failed to complete.

### III.   CONCLUSION

For the reasons set forth above, The Dow Chemical Company's *Motion for Summary Judgment*[69] is DENIED.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana on April 23, 2020.

*Shelly D. Dick*

**CHIEF JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[69] Rec. Doc. 21.
59971